# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

QUINCEY GERALD KEELER, *also known as* JERRY,

    *Plaintiff,*

v.

Case No. 11-1372-EFM

ARAMARK,

    *Defendant.*

## MEMORANDUM AND ORDER

    Plaintiff Quincey Gerald Keeler filed suit against Defendant ARAMARK, his former employer, alleging twenty-five claims of various forms of wrongful termination, defamation, and conspiracy to commit civil wrongs and torts. This Court granted ARAMARK's motion for summary judgment on all claims because a reasonable jury would necessarily find (1) that ARAMARK made the decision to terminate Keeler before he engaged in protected action and without a retaliatory motive, and (2) that Keeler could not prove all elements of his claims of defamation and civil conspiracy. Keeler has now filed a motion for reconsideration (Doc. 47) and requested a hearing on his motion (Doc. 48). Because Keeler failed to identify an error in the Courts disposition of this case, and a hearing would not assist the Court in this determination, the Court now denies Keeler's motions.

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to request reconsideration of a final judgment.[1] The Court will reconsider an early judgment if the movant presents evidence of (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) the need to correct a clear error in the earlier judgment.[2] In other words, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[3] Rule 59(e) is not, however, an appropriate vehicle for revisiting issues already considered or arguing matters that were not raised in prior briefs.[4]

Keeler asserts numerous errors in the Court's previous Order granting summary judgment. The Court will briefly address each in turn. First, Keeler takes issue with the fact that the Court did not reference in its Order the audiocassette tapes Keeler filed with the Court. Keeler asserts that these tapes prove that ARAMARK's stated reasons for terminating Keeler were false because ARAMARK did not address these reasons in the recordings. But the Court thoroughly reviewed the record in this case and outlined in its Order numerous examples of incidents that did support ARAMARK's reasons for terminating Keeler. The fact that Keeler did not record a statement from an ARAMARK employee confirming their stated reasons for termination does not create a genuine issue of material fact for trial.

Second, Keeler argues that he filed an amended complaint with the Kansas Human Rights Commission on December 9, 2010—six days before ARAMARK decided to terminate him.

---

[1] Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment.").

[2] *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[3] *Id.*; *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

[4] *Trackwell v. United States Government*, 2005 WL 2921586, at *1 (D. Kan. Nov. 4, 2005) (citing *Servants of Paraclete*, 204 F.3d at 1012).

These allegations (1) rest on unauthenticated evidence, (2) were not included in his Complaint or the Pretrial Order, and (3) fall outside the timeframe that the Court relied upon when allowing Keeler to file this suit despite the fact that the Court had imposed filing restrictions on Keeler for frivolous and vexatious abuse of the courts. It was therefore inappropriate for Keeler to raise them in his summary judgment motion, and they do not constitute a basis for granting a Rule 59(e) motion. Furthermore, as the Court explained in its Order, even if ARAMARK was aware of Keeler's KHRC filings before it decided to terminate him, ARAMARK successfully rebutted any presumption of retaliation by providing neutral reasons for Keeler's termination that were fully supported in the record. Therefore, it was not error for the Court to decline to comment on Keeler's allegations that his December 9, 2010, KHRC filing gave rise to a meritorious claim for retaliatory discharge.

Third, Keeler argues that ARAMARK's December 15, 2010, decision to terminate him "was bad faith and unfair," "not legit," and "not legit by company policy." The Court clearly explained in its Order that the evidence in the record supported ARAMARK's stated reasons for terminating Keeler and that ARAMARK's employee handbook explicitly permitted termination for threatening or coercive behavior. Although Keeler alleges that he was neither threatening nor intimidating, those are characteristics that are most present in the eye of the beholder. And the fact that Keeler disliked the manner in which he was terminated does not make his termination illegal.

Fourth, Keeler argues that the Court erred by holding that ARAMARK made the decision to fire Keeler before he filed his January 19, 2011, claim with the KHRC. Again, as the Court explained in its Order, even if ARAMARK was aware of the KHRC charges at the time it decided to terminate Keeler's employment, the articulated reasons for his termination were

neutral and supported by the record. Keeler did not, in turn, meet his burden under *McDonnell-Douglas* to present evidence that created a genuine issue of material fact as to the veracity of those statements.

Fifth, Keeler argues that ARAMARK acted in a prejudicial manner after Keeler's termination. Any such action is immaterial to Keeler's claim for retaliatory discharge. Moreover, the behavior Keeler complains of does not constitute unlawful employment practices, even if Keeler personally feels it was unfair.

Sixth, Keeler argues that the Court should not have granted summary judgment on his defamation claim. Keeler's statements regarding this allegation of error, however, bear no relation to the elements of a defamation claim. Keeler also makes several arguments that ARAMARK's evidence was hearsay. Keeler clearly misunderstands the hearsay doctrine, but more importantly, his allegations bear no relevance to defamation. Keeler has not shown that the Court was in error when it found that Keeler could not prove all elements of a defamation claim.

After reviewing the Keeler's motion for reconsideration, the record in this case, and the Court's previous Order, the Court concludes that Keeler has not identified an intervening change in the controlling law, newly discovered evidence, or the need to correct a clear error in the earlier judgment. Consequently, there is no need for the Court to amend or alter its Order granting summary judgment. Furthermore, a hearing is not necessary to assist the Court in its decision.

**IT IS ACCORDINGLY ORDERED** this 26th day of April, 2013, that Plaintiff Keeler's Motion for Reconsideration (Doc. 47) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Keeler's Motion for Hearing (Doc. 48) is hereby **DENIED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE